IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN EDWARD HOPKINS, JR., | No. C 10-04239 SBA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| ALAMEDA COUNTY, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Santa Rita Jail (SRJ), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Alameda County Sheriff Gregory J. Ahern and Deputy Valentine. Plaintiff seeks monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

Plaintiff's allegation that he suffered injuries while he was housed at SRJ in July, 2010 and that he was in need of "emergency medical attention" supports an inference that he had serious medical needs. Liberally construed, Plaintiff's allegation that Defendant Valentine failed to provide adequate medical treatment for his injuries states a cognizable deliberate indifference claim. Accordingly, this claim may proceed against Defendant Valentine.

### B. Claim Against Defendant Not Linked to Claims

In the section of the complaint form where Plaintiff is asked to write the names of all Defendants, he lists Defendants Valentine and Ahern. (Compl. at 2.) However, Defendant Ahern is not linked specifically to the allegations in the body of the complaint.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show

that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Plaintiff has not linked Defendant Ahern to the aforementioned deliberate indifference claim, therefore, no claim for damages can proceed against that Defendant unless Plaintiff amends his claim to cure this pleading deficiency. Accordingly, Plaintiff's claim against Defendant Ahern is DISMISSED with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for deliberate indifference to serious medical needs against Defendant Valentine.

2. Plaintiff's claim against Defendant Ahern is DISMISSED with leave to amend as

indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended claim against Defendant Ahern as set forth above in Section II(B) of this Order. (Plaintiff shall resubmit only that claim and not the entire complaint.) The amended claim must be submitted on an amendment to the complaint. It must include the caption as well as the civil case number of this action (C 10-4239 SBA (PR)) and the words AMENDMENT TO THE COMPLAINT on the first page. Failure to do so will result in the dismissal without prejudice of any claim against Defendant Ahern.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **Alameda County Sheriff's Deputy Valentine**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Alameda County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant Valentine is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant Valentine to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant Valentine, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant Valentine will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant Valentine had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant Valentine will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant Valentine is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant Valentine has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendant Valentine shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date Defendant Valentine's answer is due, Defendant Valentine shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant Valentine is of the opinion that this case cannot be resolved by summary judgment, Defendant Valentine shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Valentine no later than **sixty (60) days** after the date on which Defendant Valentine's motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be

5

prepared to produce evidence in support of those allegations when he files his opposition to Defendant Valentine's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. If Defendant Valentine wishes to file a reply brief, Defendant Valentine shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant Valentine to depose Plaintiff and any other necessary witnesses confined in prison.

  7. All communications by Plaintiff with the Court must be served on Defendant Valentine, or Defendant Valentine's counsel once counsel has been designated, by mailing a true copy of the document to Defendant Valentine or Defendant Valentine's counsel.

  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

  9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

  IT IS SO ORDERED.

DATED:  5/2/11            _Saundra B Armstrong_
                  SAUNDRA BROWN ARMSTRONG
                  United States District Judge

G:\PRO-SE\SBA\CR.10\Hopkins4239.service.wpd 6

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GLENN EDWARD HOPKINS JR,

        Plaintiff,

  v.

ALAMEDA COUNTY et al,

        Defendant.

Case Number: CV10-04239 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glenn S. Hopkins F-51996
5419 Foothill Blvd.
Oakland, CA 94521

Dated: May 3, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Hopkins4239.service.wpd