IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN EDWARD HOPKINS, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPUTY VALENTINE,<br><br>    Defendant. | No. C 10-04239 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. In the instant case, it has been more than seven months since Plaintiff has communicated with the Court. Plaintiff filed a change of address on March 1, 2011, indicating that he was no longer at San Quentin State Prison and that his new address was at 5419 Foothill Blvd., Oakland, California 94521. However, Plaintiff has not communicated with the Court since that date. Furthermore, mail sent to Plaintiff at his new address was returned as undeliverable on May 31, 2011, with a note stating, "RETURN TO SENDER, NO MAIL RECEPTACLE, UNABLE TO FORWARD."

    In an Order dated July 15, 2011, the Court determined that it needed to establish Plaintiff's current address and whether he intends to continue to prosecute this action. The Court informed Plaintiff that if he failed to do so within thirty days, this action would be dismissed without prejudice for failure to prosecute.

    On July 22, 2011, the Court sent a copy of its July 15, 2011 Order to the following addresses: 5419 Foothill Blvd., Oakland, California 94521, and San Quentin State Prison, 1st Main Street, San Quentin, California 94964. On July 25, 2011, mail was returned from the 5419 Foothill Blvd. address as undeliverable stating, "RETURN TO SENDER-ATTEMPTED-NOT KNOWN-UNABLE TO FORWARD." The Court assumes that Plaintiff received a copy of the Court's July 15, 2011 Order at the San Quentin State Prison address because it was not returned as undeliverable.

    More than thirty days have passed, and Plaintiff has filed no response to the Court's

1 July 15, 2011 Order.  Furthermore, Defendants have filed a "Motion for Administrative Relief to
2 Dismiss Complaint Pursuant to Local Rule 7-11."

3     A district court may <u>sua sponte</u> dismiss an action for failure to prosecute or to comply with a
4 court order pursuant to Federal Rule of Civil Procedure 41(b).  See <u>Link v. Wabash R.R.</u>, 370 U.S.
5 626, 633 (1962); <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir. 1991).  The court should consider
6 five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious
7 resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the
8 defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the
9 disposition of actions on their merits.  See <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130
10 (9th Cir. 1987).[1]  The first three factors, above, weigh in favor of dismissal in light of the amount of
11 time that has passed -- six months -- without Plaintiff filing anything in this matter, including his not
12 responding to the Court's July 15, 2011 Order.  The fourth factor also weighs in favor of dismissal
13 because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest
14 in this case.  Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in
15 light of the other four factors.  See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002) (finding
16 district court did not abuse its discretion in dismissing petition with prejudice where three of the five
17 factors weighed in favor of dismissal).

18     In light of the foregoing, Defendants' motion (docket no. 17) is GRANTED, and this action is
19 hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).
20     The Clerk of the Court shall close the file and terminate any pending motions.
21     This Order terminates Docket no. 17.
22     IT IS SO ORDERED.
23 DATED: <u>10/21/11</u>
                                                                                            SAUNDRA BROWN ARMSTRONG
24                                                                                             United States District Judge

---

27    [1] The court should also afford the litigant prior notice of its intention to dismiss, <u>id.</u> at 133, as this Court has done.

28 G:\PRO-SE\SBA\CR.10\Hopkins4239.41(b)-Dismissal.wpd

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GLENN EDWARD HOPKINS JR,

        Plaintiff,

  v.

ALAMEDA COUNTY et al,

        Defendant.

Case Number: CV10-04239 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Glenn Edward Hopkins
5419 Foothill Blvd.
Oakland, CA 94251

Glenn Edward Hopkins F51996
California State Prison - San Quentin
1st Main Street
San Quentin, CA 94964

Dated: October 25, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

3